UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-MJ-6356-PAB

IN RE: SEALED COMPLAINT

_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? No.

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No.

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _____
STEPHANIE HAUSER
Assistant United States Attorney
Florida Bar No. 92765
99 NE 4th Street
Miami, Florida 33132-2111
Tel: 305-961-9065
Email: stephanie.hauser@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Hamilton Alexander Merilus,<br>a/k/a "Salahudin Sabah Alexander Amhadulla-Merilus," | )<br>)<br>)  Case No.  23-MJ-6356-PAB<br>)<br>)<br>) |
| Defendant(s) | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 6, 2022-Present__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1204(a) | International Parental Kidnapping |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

Timothy Augustyniak, Special Agent, FBI
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __FaceTime__

Date: 8-4-2023

_____
Judge's signature

City and state: __Ft. Lauderdale, Florida__    Hon. Panayotta Augustin-Birch, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Timothy Augustyniak, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent with the Federal Bureau of Investigation the ("FBI") assigned to the Crimes Against Children Squad. I have been working with the FBI as a Special Agent since 2015. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, I am empowered by law to conduct investigations of, and to make arrests for, federal offenses as enumerated in Titles 8, 18, 19, 21 and 31 of the United States Code.

2.  As part of my duties, I investigate crimes involving the sexual exploitation of minors, human trafficking, and international kidnappings. I have received training on the proper investigative techniques for these violations, including the use of surveillance techniques, undercover activities, and the application and execution of arrest and search warrants. I have conducted and assisted in numerous child exploitation and international kidnapping investigations.

3.  The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause that Hamilton Alexander Merilus, a/k/a "Salahudin Sabah Alexander Amhadulla-Merilus," ("MERILUS") did willfully and knowingly remove a child from the United States, and attempted to do so, and retained a child (who had been in the United States) outside the United States with intent to obstruct the lawful exercise of parental and custodial rights of S.A.P. (the "VICTIM PARENT"), who is the mother of A.A.M., a female child, age eight, born in 2015 ("CHILD-1") and I.M., a female child, age six, born in 2016 ("CHILD-2") (together, the

"CHILDREN"), in violation of Title 18, United States Code, Section 1204(a).

4. The information set forth in this Affidavit comes from my personal involvement in this investigation, including review of information provided to law enforcement by VICTIM PARENT and court orders referenced herein; review of information provided to me by other law enforcement officers; and my training and experience. This Affidavit does not represent every fact law enforcement knows about this investigation but is submitted for the limited purpose of establishing probable cause in support of the issuance of a criminal complaint against MERILUS.

## FACTS IN SUPPORT OF PROBABLE CAUSE

5. According to United States Immigration records, MERILUS is a citizen of Haiti and the United States.

6. According to the VICTIM PARENT, in or around 2012, MERILUS met VICTIM PARENT in the Dominican Republic. VICTIM PARENT was approximately 16 years old at that time. MERILUS was approximately 31 years old.

7. In or around 2012, VICTIM PARENT and MERILUS moved from the Dominican Republic to Miami, Florida.

8. On or about May 14, 2014, VICTIM PARENT and MERILUS married in Miami, Florida.

9. In 2015, VICTIM PARENT and MERILUS had CHILD-1 in or around Miami, Florida.

10. In 2016, VICTIM PARENT and MERILUS had CHILD-2 in or around Miami, Florida.

11. From in or around 2014, through in or around August 2019, VICTIM PARENT and MERILUS, as well as the CHILDREN, lived together in or around Miami-

2

Dade and Broward Counties.

12. In or around August 2019, VICTIM PARENT asked MERILUS for a divorce. Instead of agreeing to a divorce, on or about August 31, 2019, MERILUS bought VICTIM PARENT a plane ticket and sent her to the Dominican Republic to visit with her family.

13. While VICTIM PARENT was in the Dominican Republic, MERILUS sent VICTIM PARENT's mother an audio message stating that VICTIM PARENT would never see the CHILDREN again and that he would do his best to "disappear." MERILUS then sent photographs of the CHILDREN to VICTIM PARENT's mother.

14. Approximately one month later, VICTIM PARENT returned to the United States from the Dominican Republic. Upon her return, VICTIM PARENT was unable to locate MERILUS and the CHILDREN.

15. On or about October 17, 2019, unbeknownst to VICTIM PARENT, MERILUS commenced a dissolution of marriage proceeding in Broward County, Florida, in which MERILUS represented in a sworn document that VICTIM PARENT had abandoned the family and that he did not know her whereabouts. *See* Case No. FMCE 19-011944.

16. On or about March 10, 2020, unbeknownst to VICTIM PARENT, the Broward County Circuit Court granted MERILUS a divorce from VICTIM PARENT and granted MERILUS sole custody of the CHILDREN (the "March 2020 Order").

17. VICTIM PARENT subsequently found out about the March 2020 Order, and filed an emergency motion to vacate it on or about November 12, 2020.

18. On or about March 24, 2021, the Honorable Circuit Court Judge Frank Ledee entered an order that vacated the March 2020 Order; mandated joint custody of the

CHILDREN, with exchanges to occur on set dates at a local police station; and forbid either parent from removing the CHILDREN from the State of Florida (the "Florida Joint Custody Order"). Therein, Judge Ledee found that VICTIM PARENT refuted with credible evidence all of the prior sworn allegations by MERILUS, and that MERILUS purposefully misled the Court and was untruthful when he provided a sworn affidavit that VICTIM PARENT had abandoned the family and had unknown whereabouts. Judge Ledee also found that MERILUS did not attend the hearing despite receiving notice.

19. MERILUS never complied with the Florida Joint Custody Order's mandate that MERILUS exchange the CHILDREN with the VICTIM PARENT.

20. On or about November 6, 2022, according to United States Customs and Border Protection ("CBP") records, MERILUS and the CHILDREN departed the United States, flying from New York to London. Subsequent checks with international law enforcement partners indicated that MERILUS and the CHILDREN subsequently flew from London to Morocco.

21. MERILUS's November 6, 2022 removal of the CHILDREN from the United States was done without the consent of VICTIM PARENT and contrary to the Florida Joint Custody Order.

22. On or about February 3, 2023, according to CBP records, MERILUS returned to the United States, arriving from Mexico, without the CHILDREN.

23. On or about April 5, 2023, the Broward County Circuit Court entered an order awarding VICTIM PARENT sole custody of the children (the "Florida Sole Custody Order"). The Florida Sole Custody Order found that, despite MERILUS being aware of the terms of the Florida Joint Custody Order, MERILUS absconded with the CHILDREN and

was responsible for "Parental Kidnapping" of the CHILDREN.

24. The Florida Sole Custody Order was served on MERILUS via email.

25. On or about May 5, 2023, CBP interviewed MERILUS as he entered the United States from Mexico without the CHILDREN. During that interview, MERILUS told CBP that the CHILDREN were with VICTIM PARENT in Miami, Florida when, in truth and in fact, and as MERILUS then and there well knew, the CHILDREN were not with VICTIM PARENT in Florida.

26. On July 7, 2023, the Superior Court of Arizona in Mohave County granted a petition filed by MERILUS to legally change his name from Hamilton Alexander Merilus to "Salahudin Sabah Alexander Amhadulla-Merilus." *See* Case No. CV-2021-00758.

27. On or about July 14, 2023, at the request of the United States Government, law enforcement in Morocco identified that MERILUS and the CHILDREN were in Temara, Morocco and conducted a wellness visit.

28. According to Moroccan travel records, on or about July 17, 2023 (*i.e.*, three days after Moroccan authorities conducted the wellness visit), MERILUS and the CHILDREN flew from Morocco to Turkey.

29. On or about July 24, 2023, MERILUS arrived in Denver, Colorado on a flight from Munich, Germany. The CHILDREN were not on board the flight to the United States.

30. On or about July 24, 2023, CBP interviewed MERILUS as he entered the United States from Germany. During that interview, MERILUS told CBP that the CHILDREN were with MERILUS's mother (*i.e.*, the CHILDREN's paternal grandmother) in Jacksonville, Florida when, in truth and in fact, and as MERILUS then and there well knew, the CHILDREN were not with their paternal grandmother in Florida.

31. While at the Denver International Airport, an FBI Agent spoke with MERILUS. During that meeting, MERILUS stated he saw the Florida Sole Custody Order when it was initially sent to his e-mail. MERILUS also signed a form provided by the FBI stating that he was served with the Florida Joint Custody Order that prevented him from removing the CHILDREN from the State of Florida, and that he was served with the Florida Sole Custody Order on April 5, 2023.

32. As of the date of execution of this Affidavit, the CHILDREN have not been returned to VICTIM PARENT, nor is there any record of their re-entry into the United States since their departure with MERILUS to London on or about November 6, 2022.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## CONCLUSION

33.     Based on the facts set forth herein, I respectfully submit that there is probable cause to believe that, from at least as early as on or about November 6, 2022, through present, Hamilton Alexander Merilus, a/k/a "Salahudin Sabah Alexander Amhadulla-Merilus," did willfully and knowingly remove a child from the United States, and attempted to do so, and retained a child (who had been in the United States) outside the United States with intent to obstruct the lawful exercise of parental and custodial rights of the VICTIM PARENT, who is the mother of CHILD-1 and CHILD-2, in violation of Title 18, United States Code, Section 1204(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Respectfully submitted,

Timothy Augustyniak, Special Agent
Federal Bureau of Investigation

Sworn to and attested by FaceTime
per Fed. R. Crim. P. 4(d) and 4.1
on this __4th__ day of August, 2023.

HONORABLE PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE